## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS – EASTERN DIVISION

| | | |
|---|---|---|
| CASEY JONES | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 17-cv-4375 |
| | ) | |
| PURDY BROTHERS TRUCKING, LLC, | ) | |
| and MARK DAVID TIPTON, | ) | **Plaintiff Demands a Jury Trial** |
| | ) | |
| Defendants. | ) | |

## <u>COMPLAINT</u>

NOW COMES the Plaintiff, Casey Jones ("Jones"), by and through his attorneys, Levinson and Stefani, and complaining of the Defendants, Purdy Brothers Trucking, LLC ("Purdy") and Mark David Tipton ("Tipton"), states as follows:

## <u>Venue and Jurisdiction</u>

1.      The Plaintiff, Jones, resides and is domiciled in the State of Georgia.

2.      The Defendant, Purdy, is a limited liability corporation incorporated under the laws of the State of Tennessee, has its principal place of business in the State of Tennessee, and is domiciled in the State of Tennessee.

3.      Upon information and belief, the Defendant, Tipton, resides and is domiciled in the State of Tennessee.

4.      The truck crash giving rise to this Complaint occurred in the County of Cook, State of Illinois.

5.      Jurisdiction is proper under 28 U.S.C. § 1332, as complete diversity of citizenship exists between the parties, and the amount in controversy exceeds the sum or value of $75,000.00. Each of the parties hereto is a citizen of the United States, but is a citizen of separate states within the United States.

6.     This court has pendent jurisdiction over all state claims presented herein pursuant to 28 U.S.C. § 1367.

7.     Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## Facts Common to All Counts

8.     At all relevant times herein, Defendant Purdy was subject to the rules and regulations of the United States Department of Transportation and the Federal Motor Carrier Safety Administration, codified in Title 49 of the Code of Federal Regulations, parts 300-399 and related parts.

9.     At all relevant times herein, Defendant Tipton was a professional truck driver employed by Purdy.

10.     At all relevant times, Defendant Tipton was driving for and/or on behalf of Defendant Purdy.

11.     At all relevant times herein, Tipton was subject to the rules and regulations of the United States Department of Transportation and the Federal Motor Carrier Safety Administration, codified in Title 49 of the Code of Federal Regulations, parts 300-399 and related parts.

12.     On or about June 19, 2015, at or about 3:40 am, Jones was driving northbound on US Interstate 55, approximately 1000 feet south of 1st Avenue, in the City of Summit, County of Cook, State of Illinois.

13.     At the aforementioned time and place, Purdy was the owner of a 2016 Freightliner Truck-Tractor, US DOT Number 181677 (hereinafter "Semi Truck"), being driven by its agent and servant, Defendant Tipton, northbound on US Interstate 55, south of 1st Avenue and behind Jones, in the City of Summit, County of Cook, State of Illinois.

14.    At all relevant times herein, Jones and Tipton were travelling in a construction zone with workers present.

15.    At all relevant times herein, Jones was exercising all due care for his own safety.

## COUNT I:    Direct Negligence against Purdy Trucking, LLC

16.    The Plaintiff hereby adopts and re-alleges paragraphs 1-15 as though fully set forth herein.

17.    Purdy had the duty to act reasonably in hiring, training, and retaining Tipton to operate the Semi Truck.

18.    Purdy had the duty to promulgate and enforce rules and regulations to ensure its drivers, including Tipton, and vehicles, including the Semi Truck, were reasonably safe and in compliance with all applicable state and federal laws regulations.

19.    Notwithstanding the foregoing duties, Purdy did breach said duties in one or more of the following ways:

    a)    hiring Tipton when it knew or should have known that he would not comply with industry standard safety practices;

    b)    allowing Tipton to operate the Semi Truck while in violation of applicable federal regulations at 49 CFR 300, *et seq*.;

    c)    allowing Tipton to operate the Semi Truck in violation of the federal Hours of Service rules;

    d)    allowing Tipton to operate the Semi Truck while fatigued;

    e)    allowing Tipton to falsify his federally required log books;

    f)    allowing Tipton to operate the Semi Truck while in possession of said falsified log books;

    g)    failing to take reasonable appropriate action in training, monitoring, and/or re-training Tipton to comply with state and federal rules and industry-standard safety practices;

    h)    failure to take reasonable and appropriate action in disciplining or re-training Tipton when it knew or should have known Tipton failed to

comply with various rules and regulations or was otherwise unfit to be operating the Semi Truck;

i) failing to remove Tipton from duties after it knew or should have known Tipton was unfit for the job of operating the Semi Truck;

j) failing to provide supervision or oversight of Tipton when necessary or reasonable to do so to ensure safety and compliance with applicable rules; and

k) breaching said duties in a willful, wanton, and malicious manner.

20. As direct and proximate result of one or more of the foregoing acts of negligence, the Semi Truck owned by Defendant Purdy and driven by Defendant Tipton did violently collide with the vehicle occupied by the Plaintiff, Casey Jones, and as a result thereof, the Plaintiff did suffer the following past, present, and future loss and damage:

a) bodily injury;

b) pain and suffering;

c) lost wages and earning capacity;

d) medical expenses; and

e) disability or loss of normal life.

WHEREFORE, the Plaintiff, Casey Jones, prays for judgment against the Defendant, Purdy, in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) and costs.

## COUNT II:    Negligence against Tipton

21. The Plaintiff hereby adopts and re-alleges paragraphs 1-15 as though fully set forth herein.

22. At said time and place, it was the duty of the Defendant, Tipton, to operate, maintain, and control the Semi Truck in a manner so as not to negligently cause injury to persons lawfully on the public way, including the Plaintiff, Casey Jones.

23.     Notwithstanding the foregoing duty, the Defendant, Tipton, did operate, maintain, and control the Semi Truck in a dangerous and negligent manner in one or more of the following ways:

a)      failing to comply with industry-standard safety practices;

b)      operating the Semi Truck while fatigued;

c)      operating the Semi Truck in violation of the Hours of Service requirement and not in compliance therewith;

d)      falling asleep while operating the Semi Truck;

e)      operating the Semi Truck at a speed too great for conditions prevailing;

f)      exceeding a safe speed for the present road conditions, specifically in a construction zone;

g)      failing to keep a proper lookout;

h)      following the Plaintiff's vehicle too closely;

i)      failing to avoid a collision with the vehicle operated by Plaintiff;

j)      failing to slow or stop the Semi Truck when danger to the Plaintiff was imminent;

k)      failing to stop driving and pull off the roadway upon becoming fatigued and too tired to drive safely;

l)      striking the vehicle occupied by the Plaintiff;

m)      failing to adhere to certain rules and regulations codified in 49 CFR 300 *et seq.*, including failing to reduce speed;

n)      failing to properly maintain the Semi Truck, including but not limited to adequate brakes; and

o)      breaching said duties in a willful, wanton, and malicious manner.

24.     As direct and proximate result of one or more of the foregoing acts of negligence, the Semi Truck operated by Defendant Tipton, did violently collide with the vehicle driven by the Plaintiff, Casey Jones, and as a result thereof, the Plaintiff did suffer the following past, present, and future loss and damage:

a)      bodily injury;

b)      pain and suffering;

c) lost wages and injury to earning capacity;

d) medical expenses; and

e) disability or loss of normal life.

WHEREFORE, the Plaintiff, Casey Jones, prays for judgment against the Defendant, Tipton, in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) and costs.

## COUNT III:    Willful and Wanton against Purdy Trucking, LLC

25.    The Plaintiff hereby adopts and re-alleges paragraphs 1-15 as though fully set forth herein.

26.    Purdy had the duty to act reasonably in hiring, training, and retaining Tipton to operate the Semi Truck.

27.    Purdy had the duty to promulgate and enforce rules and regulations to ensure its drivers, including Tipton, and vehicles, including the Semi Truck, were reasonably safe and in compliance with all applicable state and federal laws regulations.

28.    Notwithstanding the foregoing duties, Purdy did, willfully, wantonly, and/or maliciously, breach said duties in one or more of the following ways:

a) hiring Tipton when it knew or should have known that he would not comply with industry standard safety practices;

b) allowing Tipton to operate the Semi Truck while in violation of applicable federal regulations at 49 CFR 300, *et seq*.;

c) allowing Tipton to operate the Semi Truck in violation of the federal Hours of Service rules;

d) allowing Tipton to operate the Semi Truck while fatigued;

e) allowing Tipton to falsify his federally required log books;

f) allowing Tipton to operate the Semi Truck while in possession of said falsified log books;

g) failing to take reasonable appropriate action in training, monitoring, and/or re-training Tipton to comply with state and federal rules and

industry-standard safety practices;

h) failure to take reasonable and appropriate action in disciplining or re-training Tipton when it knew or should have known Tipton failed to comply with various rules and regulations or was otherwise unfit to be operating the Semi Truck;

i) failing to remove Tipton from duties after it knew or should have known Tipton was unfit for the job of operating the Semi Truck; and

l) failing to provide supervision or oversight of Tipton when necessary or reasonable to do so to ensure safety and compliance with applicable rules.

29. As direct and proximate result of one or more of the foregoing acts of negligence, the Semi Truck owned by Defendant Purdy and driven by Defendant Tipton did violently collide with the vehicle occupied by the Plaintiff, Casey Jones, and as a result thereof, the Plaintiff did suffer the following past, present, and future loss and damage:

a) bodily injury;

b) pain and suffering;

c) lost wages and earning capacity;

d) medical expenses; and

e) disability or loss of normal life.

WHEREFORE, the Plaintiff, Casey Jones, prays for judgment against the Defendant, Purdy, in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) and costs.

## COUNT IV:    Willful and Wanton against Tipton

30. The Plaintiff hereby adopts and re-alleges paragraphs 1-15 and 21-24 as though fully set forth herein.

31. At said time and place, it was the duty of the Defendant, Tipton, to operate, maintain, and control the Semi Truck in a manner so as not to negligently cause injury to persons lawfully on the public way, including the Plaintiff, Casey Jones.

32.    Notwithstanding the foregoing duty, the Defendant, Tipton, willfully, wantonly, and/or maliciously, did operate, maintain, and control the Semi Truck in a dangerous and negligent manner in one or more of the following ways:

   a)    failing to comply with industry-standard safety practices;

   b)    operating the Semi Truck while fatigued;

   c)    operating the Semi Truck in violation of the Hours of Service requirement and not in compliance therewith;

   d)    falling asleep while operating the Semi Truck;

   e)    operating the Semi Truck at a speed too great for conditions prevailing;

   f)    exceeding a safe speed for the present road conditions, specifically in a construction zone;

   g)    failing to keep a proper lookout;

   h)    following the Plaintiff's vehicle too closely;

   i)    failing to avoid a collision with the vehicle operated by Plaintiff;

   j)    failing to slow or stop the Semi Truck when danger to the Plaintiff was imminent;

   k)    failing to stop driving and pull off the roadway upon becoming fatigued and too tired to drive safely;

   l)    striking the vehicle occupied by the Plaintiff;

   m)    failing to adhere to certain rules and regulations codified in 49 CFR 300 *et seq.*, including failing to reduce speed;

   n)    failing to properly maintain the Semi Truck, including but not limited to adequate brakes; and

   o)    breaching said duties in a willful, wanton, and malicious manner.

33.    As direct and proximate result of one or more of the foregoing acts of negligence, the Semi Truck operated by Defendant Tipton, did violently collide with the vehicle driven by the Plaintiff, Casey Jones, and as a result thereof, the Plaintiff did suffer the following past, present, and future loss and damage:

a)      bodily injury;

b)      pain and suffering;

c)      lost wages and injury to earning capacity;

d)      medical expenses; and

e)      disability or loss of normal life.

WHEREFORE, the Plaintiff, Casey Jones, prays for judgment against the Defendant, Tipton, in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) and costs.

**COUNT V:     Respondeat Superior against Purdy Trucking, LLC**

34.     The Plaintiff hereby adopts and re-alleges paragraphs 1-15, 21-24, and 30-33 as though fully set forth herein.

35.     At said time and place, Defendant Tipton was operating the Semi Truck under the authority and control of his employer or contractor, Purdy.

36.     At said time and place, Defendant Tipton was operating the Semi Truck with the consent of Purdy.

37.     At said time and place, Defendant Tipton was operating the Semi Truck in the course and scope of his employment with Purdy.

38.     At said time and place, it was the duty of Purdy, by and through its agent or employee, namely Defendant Tipton, to own, operate, maintain, and control the Semi Truck in a manner so as not to negligently cause injury to persons lawfully on the public way, including the Plaintiff, Casey Jones.

39.     Notwithstanding the foregoing duties, Purdy, by and through its agent or employee, Tipton, did own, operate, maintain, and control the Semi Truck in a dangerous and negligent manner in one or more of the following ways:

a)  failing to comply with industry-standard safety practices;

b)  operating the Semi Truck while fatigued;

c)  operating the Semi Truck in violation of the Hours of Service requirement and not in compliance therewith;

d)  falling asleep while operating the Semi Truck;

e)  operating the Semi Truck at a speed too great for conditions prevailing;

f)  exceeding a safe speed for the present road conditions, specifically in a construction zone;

g)  failing to keep a proper lookout;

h)  following the Plaintiff's vehicle too closely;

i)  failing to avoid a collision with the vehicle operated by Plaintiff;

j)  failing to slow or stop the Semi Truck when danger to the Plaintiff was imminent;

k)  failing to stop driving and pull off the roadway upon becoming fatigued and too tired to drive safely;

l)  striking the vehicle occupied by the Plaintiff;

m) failing to adhere to certain rules and regulations codified in 49 CFR 300 *et seq.*, including failing to reduce speed;

n)  failing to properly maintain the Semi Truck, including but not limited to adequate brakes; and

o)  breaching said duties in a willful, wanton, and malicious manner.

40.  As direct and proximate result of one or more of the foregoing acts of negligence, the Semi Truck operated by Defendant Tipton in the course of his employment with Purdy, did violently collide with the vehicle driven by the Plaintiff, Casey Jones, and as a result thereof, the Plaintiff did suffer the following past, present, and future loss and damage:

a)  bodily injury;

b)  pain and suffering;

c)  medical expenses; and

d)  disability or loss of normal life.

WHEREFORE, the Plaintiff, Casey Jones, prays for judgment against the

Defendant, Purdy, in an amount in excess of SEVENTY-FIVE THOUSAND
DOLLARS ($75,000.00) and costs.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests a jury trial on all issues raised in this complaint.


Respectfully submitted,


By: **/s/ Brett A. Manchel**

LEVINSON AND STEFANI
Attorneys for Plaintiff
230 W. Monroe St. Suite 2210
Chicago, Illinois 60606
(312) 376-3812
brett@levinsonstefani.com
ARDC Number: 6309601